**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CASSANDRA KAY WILLIAMS,** )<br>**CHARLES KINWORTHY, and** )<br>**JUDY KINWORTHY, individually and** )<br>**on behalf of all others similarly situated,** )<br>)<br>　　　　　　**Plaintiffs,** )<br>)<br>vs.　　　　　　　　　　　　　　　　　)<br>)<br>**AMERICAN EQUITY MORTGAGE,** )<br>**INC., a corporation, and** )<br>**ABN AMRO MORTGAGE GROUP,** )<br>**INC., a corporation,** )<br>)<br>　　　　　　**Defendants.** ) | Case No. 08-cv-0381-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**A. Introduction and Background**

On February 17, 2005, one day before the revised jurisdictional provisions of the Class Action Fairness Act (CAFA) went into effect, Plaintiff Williams filed a complaint against Defendants in the Third Judicial Circuit, Madison County, Illinois (see Doc. 16-2, Exh. A). Williams asserted a putative class action, alleging breach of contract and unjust enrichment claims against both Defendants, claiming that they improperly placed mortgage payments in suspense, and thereby failed to apply the payments toward the principal and interest owed on the mortgage.

On August 9, 2005, Williams amended her complaint to add the Kinworthys as additional named Plaintiffs (see Doc. 2-3, Exh. 1). The named Plaintiffs' claims against American Equity were essentially the same as those in Williams's original complaint, but only Williams raised breach of contract and unjust enrichment claims as to ABN AMRO in the amended complaint.

-1-

After over two years of state court proceedings, Plaintiffs filed a motion for class certification, wherein they defined two putative nationwide classes (Doc. 2-3, Exh. 1, pp. 53–56). Proposed Class A includes

> All persons in the United States who: (a) executed a mortgage or deed of trust that (i) names as beneficiary American Equity Mortgage, Inc., ABN AMRO Mortgage Group, Inc., or their respective parents, subsidiaries, or affiliates, and (ii) that contains the following, or substantially similar, language: "Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2 (escrow items); third, to interest due; fourth, to principal due; and last, to any late charges due under the Note"; and (b) whose payment or payments made pursuant to the mortgage or deed of trust were held in suspense or unapplied status on or after February 17, 1995.

The motion also seeks certification of Proposed Class B, which includes

> All person in the United States who: (a) executed a mortgage or deed of trust that contains the following, or substantially similar, language: "Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2 (escrow items); third, to interest due; fourth, to principal due; and last, to any late charges due under the Note"; and (b) whose payment or payments made pursuant to the mortgage or deed of trust were held in suspense or unapplied status by American Equity Mortgage, Inc, ABN AMRO Mortgage Group, Inc., or their respective parents, subsidiaries or affiliates on or after February 17, 1995.

On May 28, 2008,[1] Defendant ABN AMRO removed the case to federal court,

---

[1] Plaintiffs filed their motion for class certification on April 24, 2008. **28 U.S.C. § 1446(b)** provides that a defendant must file a notice of removal within thirty days after receipt of any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is on which is or has become removable." Though ABN AMRO paid the removal fee and opened a shell of the case on May 27, 2008, the notice of removal was not filed until May 28, 2008. *See Siddle v. Wal-Mart Stores, Inc.*, **2008 WL 2789294 (S.D. Ill., July 18, 2008).** As a result, it is unclear whether the removal fell within the 30-day window. However, in their

claiming that federal jurisdiction now lies under CAFA, on the grounds that the motion for class certification includes new claims which commence a new action (Doc. 2).

On June 26, 2008, Plaintiffs filed a motion to remand (Doc. 10). Defendants filed a response in opposition on August 1, 2008 (Doc. 16) and Plaintiffs submitted a reply on August 15, 2008 (Doc. 18). Having fully reviewed the parties' filings, the Court hereby **GRANTS** Plaintiffs' motion to remand (Doc. 10).

### B.  Analysis

**28 U.S.C. § 1441** provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Where the initial pleading does not indicate that the case is removable, **§ 1446(b)** provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  The party seeking removal bears the burden of establishing that all requirements for federal jurisdiction are satisfied. ***Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)**.

CAFA gives federal district courts original jurisdiction over class actions in which: (1) the proposed classes have at least 100 members in the aggregate, (2) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (3) minimal diversity of citizenship exists

---

motion to remand, Plaintiffs do not challenge the timeliness of the removal on this particular basis, so the argument is waived.

between the parties. **28 U.S.C. § 1332(d)(2);** *Hart v. FedEx Ground Package System, Inc.*, **457 F.3d 675, 677 (7th Cir. 2006).** However, the jurisdictional provisions of CAFA only apply to actions "commenced" after February 18, 2005.

This case was filed on February 17, 2005, and the provisions of CAFA were inapplicable at that time. However, ABN AMRO argues that the April 2008 motion for class certification commenced a new action such that the case is now removable under § 1446(b). Specifically, ABN AMRO claims that the motion was the first document wherein Plaintiffs indicated that their claims pertained to loans that were not originated by American Equity and was the first indication of any potential claims against ABN AMRO's "parents, subsidiaries, or affiliates," none of whom are actually parties to the action. Because of these "new claims," Defendants argue that the case is now removable. Plaintiffs, on the other hand, argue that the removal is premature and that Defendants must wait until the state court rules upon the motion to certify before it can attempt removal. In the alternative, Plaintiffs argue that the proposed class definitions do not constitute commencement of a new action because their allegations have not changed, and any changes in the class definitions relate back to their original complaint.

In resolving the first question, the Court temporarily accepts ABN AMRO's contention that the class definitions are expansive enough to state new claims against it, and potentially require the addition of new defendants. The issue before the Court is narrow: whether the filing of a motion for class certification can itself commence a new action for purposes of CAFA when the motion includes proposed class definitions that are broader than those in the complaint, such that a defendant may face liability for conduct not specifically addressed by the complaint.

The parties have not cited, and the Court has not located, any case in the Seventh

Circuit addressing the issue of whether the mere filing of a motion to certify a class action is sufficient to commence a new action. However, the parties do point to a number of cases that provide guidance here. In ***Knudsen v. Liberty Mutual Insurance Company* (hereinafter *Knudsen I*)**, plaintiffs named only Liberty Mutual as a defendant, despite the fact that the named plaintiffs had policies with a related but separate insurer, Liberty Mutual Fire Insurance Company. **411 F.3d 805, 807 (7th Cir. 2005).** Plaintiffs moved to amend the class definition in the state court so that the class would include those insured by Liberty Mutual as well as those insured by Liberty Fire. *Id.* **at 807.** Before the state court could rule on the motion, however, Liberty Mutual removed the case. *Id.* The Seventh Circuit determined that the proposed amendments to the class did not commence a new action, primarily because

> Liberty Mutual Fire Insurance Company is not a party to the suit. . . If in the future, Liberty Mutual Fire Insurance Company should be added as a defendant, it could enjoy a right to remove under the 2005 Act, for suit *against it* would have been commenced after February 18, 2005. But Liberty Mutual Insurance Company cannot remove five years after this suit was commenced just because a nonparty corporate sibling has been mentioned in plaintiffs' latest papers.

*Id.* **at 807–08 (emphasis in original).** In other words, if the state court were to permit amendment of the complaint or certify a class so as to make Liberty Fire a defendant, the complaint might then state entirely new claims such that a new action was commenced. However, the proposed amendment had not yet been ruled upon, did not add any new claims or parties, and therefore, could not be removed under CAFA.

After the case was remanded, however, the state court found that Liberty Mutual was liable for policies issued by Liberty Fire because it failed to promptly alert plaintiffs that Liberty Fire was the proper defendant. ***Knudsen v. Liberty Mutual Ins. Co.*, 435 F.3d 755, 756 (7th Cir. 2006)**

**(hereinafter *Knudsen II*).** Plaintiffs then asked the state court to hold Liberty Mutual responsible for any and all policies issued by its subsidiaries and affiliates, and moved for certification of a nationwide class that would disregard differences between various states' insurance laws. *Id.* The state court granted the proposal and certified the class, after which Liberty Mutual again removed the case to federal court. *Id.* **at 756–57.** This time, the Seventh Circuit found removal proper, explaining that the class definition initiated new claims because the original complaint did not indicate that Liberty Mutual might be held accountable for any underpayment by its affiliates. *Id.* **at 757–58.**

Here, ABN AMRO claims that the proposed class definitions in Plaintiffs' motion for class certification leaves it open to liability for loans issued by its "parents, subsidiaries, or affiliates," and for loans that were not originated by American Equity. ABN AMRO notes that the state court complaint never indicated potential liability for any such loans. As a result, ABN AMRO argues that its removal is more like that in *Knudsen II*, insofar as the motion for class certification suggests that new defendants and new claims are involved in the case.

Though it is a close call, the Court finds that *Knudsen II* does not require denial of the motion to remand. First, the removal in *Knudsen II* occurred only after the state court actually certified the proposed class. The Seventh Circuit did not indicate whether Liberty Mutual was correct in waiting for a ruling by the state court on certification, or whether it could have removed as soon as the motion to certify was filed. But there is good reason to believe that certification is required prior to removal when a motion to certify identifies a class in such a way that its certification may leave defendants liable for conduct not specifically addressed by the complaint.

In *Sullivan v. Conway*, a pre-CAFA case, a defendant removed within thirty days

after the state court permitted amendment of the complaint so the plaintiff could add federal claims. **157 F.3d 1092, 1094 (7th Cir. 1998).** The plaintiff argued that the defendant waited too long and instead should have sought removal within thirty days after the motion to amend was filed. *Id.* The court found that the removal was timely:

> Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language [in § 1446(b)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge. When the motion was granted, the case first became removable, and it was promptly removed. It would be fantastic to suppose that the time for removing a case could run *before* the case became removable. . . .

*Id.* **at 1094.**

The same general reasoning applies here. Any new claims or defendants contemplated by Plaintiffs' proposed class definitions cannot serve as a basis for removal, as the state court has not yet granted the motion to certify the proposed classes. Indeed, the motion may be denied, such that the case never includes the more expansive claims. The proposed class definitions in the motions are precisely what they claim to be—proposals. No new claims or defendants will be joined to the case until such time as the state court permits Plaintiffs to add them.

Additionally, as the Seventh Circuit noted in *Knudsen I*, the mere mention of a defendant's affiliates in a plaintiff's motion does not in and of itself make a case removable. ABN AMRO's parents, subsidiaries, and affiliates are not yet parties to this action and may never be. As a result, removal is not warranted on this ground.

Just as the court indicated in *Knudsen I*, further developments in state court may in

fact make the case removable. But at this time, the proposed class definitions alone are insufficient to warrant removal. Under the circumstances, the Court cannot find that ABN AMRO has carried its burden of demonstrating that subject matter jurisdiction properly lies in this case. For all of these reasons, the Court finds that removal is premature under CAFA and grants Plaintiffs' motion to remand. As a result, the Court need not reach the question of whether the particular class definitions do in fact state new claims such that a new action has been commenced for purposes of CAFA.

Finally, the Court notes that Plaintiffs seek costs and expenses incurred as a result of the improper removal, pursuant to **§ 1447(c)**. Whether to award attorney's fees upon remand is within the District Court's discretion, however, and the Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, **546 U.S. 132, 136 (2005).** The Court finds that ABN AMRO's removal was not objectively unreasonable and therefore, declines to award attorney's fees under **§ 1447(c)**.

### C. Conclusion

Accordingly, the Court hereby **GRANTS** Plaintiffs' motion to remand (Doc. 10) and **REMANDS** this case to state court.

**IT IS SO ORDERED.**

**DATED this 29th day of January 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**